UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| CATHERINE A. OBAFUNWA | * | CIVIL ACTION NO: 6:12-CV-2919 |
| VERSUS | * | JUDGE REBECCA F. DOHERTY |
| GILES AUTOMOTIVE, PATRICK MILLER AND GORDON BREAUX AND XYZ INSURANCE COMPANY | * | MAG. JUDGE C. MICHAEL HILL |

## ANSWER

Defendant, Giles Automotive, Inc., through undersigned counsel, responds to the Petition for Damages filed by Plaintiff on October 25, 2012, by denying each and every allegation contained therein, unless specifically admitted to below, and further responding as follows:

### FIRST DEFENSE AND ANSWER TO ALLEGATIONS OF THE PETITION

1.

Defendant admits the allegations contained in Parts 1(1-3) of the Petition. Except as admitted, Defendant denies the allegations contained in Paragraph 1 of the Petition.

2.

Defendant admits that Catherine Obafunwa became employed with Giles on or about July 20, 2009 and that she later served in the position of rental agent. Except as admitted, Defendant denies the allegations contained in Paragraph 2 of the Petition.

3.

Defendant denies the allegations contained in Paragraph 3 of the Petition.

4.

Defendant denies the allegations contained in Paragraph 4 of the Petition.

5.

Defendant admits that Patrick Miller had discussions with Plaintiff in connection with a missing vehicle from the inventory. Except as admitted, Defendant denies the allegations contained in Paragraph 5 of the Petition.

6.

Defendant admits that on or about November 1, 2011, Gordon Breaux approached Plaintiff with a disciplinary notice, which is the best evidence of its own content. Except as admitted, Defendant denies the allegations contained in Paragraph 6 of the Petition.

6. (sic)

Defendant admits that Gordon Breaux asked her to sign the notice on two occasions, but denies the remaining allegations contained in the second Paragraph 6 of the Petition.

7.

Defendant denies the allegations contained in Paragraph 7 of the Petition.

8.

Defendant admits that a meeting occurred on November 14, 2011, where, among other things, company representatives advised Plaintiff that she had previously resigned her employment. Defendant admits that Plaintiff stated in this meeting that she had not resigned.

9.

Defendant admits that November 15, 2011 was Plaintiff's last day of employment, and Breaux requested company property. Except as admitted, Defendant denies the allegations

contained in Paragraph 9 of the Petition.

10.

Defendant denies the allegations contained in Paragraph 10 of the Petition.

11.

Defendant admits that it employs Patrick Miller and Gordon Breaux, but denies the remaining allegations contained in Paragraph 11 of the Petition.

12.

Defendant denies the allegations contained in Paragraph 12 of the Petition.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

The Complaint is barred, in whole or in part, as to any matters that may not be contained in Plaintiff's administrative charge, for which no right to sue letter has been issued, and/or for which she has failed to exhaust, and/or has elected, administrative remedies.

## FOURTH DEFENSE

Plaintiff is estopped and barred by her own conduct from recovering any relief.

## FIFTH DEFENSE

With respect to any acts complained of, Defendant had legitimate, non-discriminatory reasons for its actions and decisions with respect to Plaintiff's employment.

## SIXTH DEFENSE

Should it be found that Defendant may be held liable for any of the acts alleged in the Petition, which is at all times denied, Defendant asserts that Plaintiff has failed to exercise

reasonable diligence in the securing of comparable employment, and therefore she has failed to properly mitigate her damages as required by law. Alternatively, amounts earned or earnable by reasonable diligence lessen, reduce, and/or preclude any recovery by Plaintiff.

## SEVENTH DEFENSE

Plaintiff is not entitled to recover punitive damages on her claims, to the extent she seeks such damages, because at all relevant times, including prior to the allegations that form the basis of Plaintiff's claims, Defendant engaged in good faith efforts to comply with all laws prohibiting discrimination in employment.

## EIGHTH DEFENSE

Defendant reserves the right to amend its answer by adding defenses, exceptions, counterclaims, cross claims, by instituting third party demands as additional facts are obtained through investigation and discovery. Defendant preserves, and does not waive, any affirmative defenses or any other matter constituting an avoidance or affirmative defense that discovery may reveal to be applicable.

Though not called upon to affirm or deny any prayer for relief, Defendant submits that Plaintiff is entitled to no remedy from Defendant.

Wherefore, for the foregoing reasons, Defendant respectfully requests judgment in its favor, and against Plaintiff, awarding any and all available relief that may be deemed proper.

        Respectfully submitted,

        JUNEAU DAVID, APLC

        /s/ Robert J. David, Jr.
        ROBERT J. DAVID, JR. (#21554)
        rjd@juneaudavid.com
        ALYSE S. RICHARD (#31936)
        asr@juneaudavid.com
        1018 Harding Street, Suite 202
        Post Office Drawer 51268
        Lafayette, LA   70505-1268
        Ph: (337) 269-0052
        Fax: (337) 269-0061
        Counsel for Defendant, Giles Automotive, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all known counsel of record who are participants.

        /s/ Robert J. David, Jr.
        ROBERT J. DAVID, JR.