UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| CATHERINE A. OBAFUNWA | * | CIVIL ACTION NO: 6:12-CV-2919 |
| VERSUS | * | JUDGE REBECCA F. DOHERTY |
| GILES AUTOMOTIVE, PATRICK MILLER AND GORDON BREAUX AND XYZ INSURANCE COMPANY | * | MAG. JUDGE C. MICHAEL HILL |

---

**MEMORANDUM IN SUPPORT OF
MOTION FOR DISMISSAL UNDER RULE 12(b)(6)**

---

Defendants, Patrick Miller and Gordon Breaux, submit this memorandum in support of their Rule 12(b)(6) motion for dismissal.  For the reasons set forth below, the Court should dismiss Plaintiff's claims against these Defendants with prejudice.

**BACKGROUND**

On or about October 25, 2012, Plaintiff filed the above-referenced action in the Fifteenth Judicial District Court.  On November 16, 2012, Defendants, along with co-defendant, Giles Automotive, Inc., timely removed the matter to this Court.

According to the Petition, Plaintiff asserts claims against all Defendants for employment discrimination.  More particularly, Plaintiff alleges that she has "suffered discriminatory acts by defendants for the sole reason of being pregnant, and is entitled to all of the protections afforded under Federal and State discrimination laws." (Petition, ¶ 12.)

**APPLICABLE LEGAL STANDARD**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A complaint must also give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Cannon v. Smith*, 2012 WL 3522103, \*2 (W.D. La. Aug. 10, 2012). Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it demands "more than an unadorned, the defendant – unlawfully – harmed – me accusation." *Iqbal*, 129 S.Ct at 1949. A complaint that offers "label and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*

A claim is only plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept as true all of the allegations contained in complaint, but it does not require a court to accept the plaintiff's alleged legal conclusions. *Id.* "Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## ARGUMENT

Patrick Miller and Gordon Breaux cannot be held liable for alleged employment discrimination under the Louisiana Employment Discrimination Law La. R.S. 23:301, *et seq.*, ("LEDL") and/or Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.* ("Title VII").

An "employer" subject to Title VII is "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person..." 42 U.S.C. § 2000e(b). Breaux and Martin were not "employers" of Plaintiff and are not alleged to be her employer. According to Plaintiff's Petition, she was employed by Giles Automotive, Inc. until

her alleged termination on November 15, 2011. (Petition, ¶¶ 2, 11.) Plaintiff concedes that Miller and Breaux were employees of Giles Automotive, Inc. (Petition, ¶ 11.)

It is well settled in the Fifth Circuit that Title VII does not impose liability on an individual employee. In *Pfau v. Reed*, 125 F.3d 927, 935-38 (5th Cir. 1997), the court explained, "[t]his circuit has interpreted Title VII's definition of 'employer' as merely importing common law agency principles of *respondeat superior* liability." See also, *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994) (the purpose of the "agency" provision in §2000e(b) was to incorporate *respondeat superior* liability into Title VII.) In other words, the actions of one who constitutes an agent of an employer are to be considered the actions of the employer for purposes of imposing Title VII liability *on the employer*. *Pfau*, 125 F.3d at 936. The purpose of the "agency" reference in Section 2000e(b) was not to impose individual liability on employees. In *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999), the Fifth Circuit made it abundantly clear that "while Title VII defines the term 'employer' to include 'any agent' of an employer, …this Circuit does not interpret the statute as imposing individual liability for such a claim." The Fifth Circuit characterized this point as "settled Fifth Circuit law." *Id.* Therefore, Plaintiff's claims under Title VII against Miller and Breaux should be dismissed.

Similarly, the LEDL only prohibits discrimination by an "employer." La. R.S. 23:332. In particular, La. R.S. 23:332(a) provides: "[i]t shall be unlawful discrimination in employment for an employer to engage in any of the following practices..." La. R.S. 23:302(2) defines "employer" as follows:

> "Employer" means a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state *receiving services from an employee and in return, giving compensation of any kind to an employee.* The provisions of this Chapter shall apply only to an

employer who *employs twenty or more employees* within this state for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. "Employer" shall also include an insurer, as defined in R.S. 22:5, with respect to appointment of agents, regardless of the character of the agent's employment. (Emphasis added.)

This definition establishes that in order for an individual or company to be an "employer" it must: (a) employ twenty or more employees; (b) receive services from the employee; and (c) pay compensation to the employee. Consequently, courts have held that supervisors and other employees cannot be sued individually for discrimination under the LEDL. See, *Smith v. Amedysis*, 298 F.3d 434, 449 (5th 1992); *Wright v. Sears Roebuck & Co.*, 2010 WL 148173 (W.D. La. 2010); *King v. Phelps Dunbar, LLP*, 743 So.2d 181, 185 (La. 1999).

In the present case, Plaintiff makes no allegation, as she cannot, that Miller or Breaux individually employed twenty or more people, that they personally received services from Plaintiff, or that they paid Plaintiff wages. Rather, Plaintiff specifically admits that Giles Automotive, Inc. was her employer at all times. (Petition, ¶ 2.) As a result, Plaintiff cannot state a claim against the individual Defendants.

## CONCLUSION

For the reasons set forth herein, the motion to dismiss pursuant to Rule 12(b)(6) should be granted, and Patrick Miller and Gordon Breaux should be dismissed with prejudice, at Plaintiff's cost.

Respectfully submitted,

JUNEAU DAVID, APLC

/s/ Robert J. David, Jr.
ROBERT J. DAVID, JR. (#21554)
rjd@juneaudavid.com
ALYSE S. RICHARD (#31936)
asr@juneaudavid.com
1018 Harding Street, Suite 202
Post Office Drawer 51268
Lafayette, LA   70505-1268
Ph: (337) 269-0052
Fax: (337) 269-0061
Counsel for Defendants, Patrick Miller and Gordon
Breaux

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2012, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all

known counsel of record who are participants.

/s/ Robert J. David, Jr.
ROBERT J. DAVID, JR.