UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| CATHERINE A. OBAFUNWA | * | CIVIL ACTION NO.: 6:12-cv-02919 |
| VERSUS | * | JUDGE REBECCA F. DOHERTY |
| GILES AUTOMOTIVE, PATRICK MILLER AND GORDON BREAUX AND XYZ INSURANCE COMPANY | * | MAG. JUDGE C. MICHAEL HILL |

### GILES' REPLY BRIEF

**INTRODUCTION**

Plaintiff has not disputed that she entered into the Employment Agreement At-Will, Confidentiality, Non-Solicitation, and Arbitration Agreement ("Agreement") in question. She has not alleged any vice of consent. Consequently, the agreement between the two parties is in effect, and Plaintiff's references to the *Bilyeu* decision are not on point. In fact, in *Bilyeu*, the court acknowledged that the federal preference for arbitration does apply to the court's interpretation of the scope of an arbitration clause. *Bilyeu v. Johanson Berenson LLP*, 809 F.Supp. 2d 547, 551 (W.D. La. 2011).

Plaintiff raises two issues: (1) the scope of arbitrable issues; and (2) whether Giles has waived its right to compel arbitration. It is respectfully suggested that in addressing this issue, this Court must be guided by Supreme Court principles which clearly establish the presumption in favor of arbitrability on both of these issues. "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the **construction**

<u>**of the contract language itself**</u> or an <u>**allegation of waiver**</u>, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983) (emphasis added.) Whenever the scope of a clause is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration. *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-82 (1960).

## II. PLAINTIFF'S CLAIMS ARE WITHIN THE SCOPE OF THE ARBITRATION PROVISION.

Plaintiff's claims of discrimination arise from her employment, which is the subject of the Agreement. The Agreement sets forth employment terms and conditions, duties, compensation, and other covenants between the parties. The allegations of the Complaint arise from Plaintiff's employment. Notwithstanding that the parties agreed to arbitrate "any claim, dispute and other matters in question arising from this agreement," Plaintiff maintains that her claims are excluded because they do not contain some magical language. Plaintiff relies on *Pennzoil Exploration & Production Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998) for the simplistic position that because the arbitration provision in the Agreement does not contain language such as "relating to" or "or connected with" it is necessarily narrow and should not be enforced. However, that is not the law and not what was held in *Pennzoil*. *Pennzoil* had markedly different facts. In that case, the parties' commercial relationship was governed by a number of different agreements. The plaintiff filed suit against the defendant and based its claims on only one of the agreements, which did not contain an arbitration provision. *Id.* at 1066. Nevertheless, the defendant moved to compel arbitration of the dispute based on a separate agreement's arbitration clause, which compelled arbitration of "[a]ny dispute,

controversy or claim arising out of or in relation to or in connection with this Agreement or the operations carried out under this Agreement, including without limitation any dispute as to the validity, interpretation, enforceability or breach of this Agreement." The court found this was a broad, enforceable arbitration provision. The court found that when parties consent to an arbitration clause that governs all disputes "arising under" and "relating to" the agreement they are expressing their intent to arbitrate. The *Pennzoil* court's reference to the Ninth Circuit's decision in *Tracer v. Research Corp. v. National Environmental Services Co.*, 42 F.3d 1292 (9th Cir. 1994) is dicta. *Pennzoil* did not concern a case where the language of the clause did not contain "relating to" or "in connection with" language.

There is ample precedent that the scope of clauses similar to those at issue in the Agreement is not narrow. For example, in *Scherk v. Alberto-Culver Company*, 94 S.Ct. 2449, 2457, fn. 1 (1974), the arbitration clause before the Supreme Court provided, "the parties agree that if any controversy or claim shall arise out of this agreement or the breach thereof and either party shall request that the matter shall be settled by arbitration, the matter shall be settled exclusively by arbitration…" At issue in the case was an action brought by a company to recover damages and relief based on fraud claims under the Securities Exchange Act. The Supreme Court held that the alleged securities violations were covered by the arbitration provision.

In *Sedco, Inc. v. Petroleos Mexicanos Mexican National Oil Co.*, 767 F.2d 1140 (5th Cir. 1985), the arbitration provision provided that "any dispute or difference between the parties arising out of this [agreement]" shall be referred to arbitration. *Id.* at fn. 8. There was no

"relating to" or "connected with" language. Nevertheless, the Fifth Circuit found that the arbitration language in question was "extremely broad." *Id.* at 1150. In *Valero Refining, Inc. v. LAUBERHORN*, 813 F.2d 60, 63 (5th Cir. 1987), the plaintiff alleged that cargo was stolen, and there was a conspiracy to steal cargo in violation of the Racketeer Influenced and Corrupt Organizations Act. The plaintiff had signed an agreement agreeing to arbitrate "any and all differences and disputes of whatsoever nature arising out of this [Agreement]." *Id.* at 63. The Fifth Circuit found that this "broad language" encompassed the RICO claims and compelled arbitration. *Id.* at 64; see also, *S.A. Mineracao da Trindade-Samitri v. Utah Int'l., Inc.*, 745 F.2d 190, 193 (2nd Cir. 1984) (holding that language of "aris[ing] or occur[ring] under" the agreement did not indicate a narrow arbitration clause) (alterations in original); *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc.*, 252 F.3d 218, 226 (2nd Cir. 2001) ("arising from" is a broader term than "arising under" and only the latter phrase would limit arbitration to a literal interpretation of the contract); *Roby v. Corp. of Lloyds*, 996 F.2d 1353, 1361 (2nd Cir. 1993) (holding relevant language indicated a broad forum selection clause and finding no substantive difference between the phrases "relating to," "in connection with," or "arising from"); *J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315, 321 (4th Cir. 1988) (holding that language "arising in connection with" indicated an expansive arbitration clause).

Contrary to Plaintiff's assertions, the arbitration provision in the Agreement encompasses Plaintiff's claims. The Agreement clearly provides that any dispute or matter that arises from the Agreement, which sets forth employment terms and conditions, is arbitrable. The foregoing

authorities clearly establish a strong presumption in favor of arbitration, and application of this presumption is warranted in the instant case.

## III. THERE IS NO WAIVER.

Fifth Circuit precedent places a 'heavy burden' on a party claiming waiver of arbitration rights." *Storey v. Shearson-American Express*, 928 F.2d 159, 163 (5th Cir. 1991). Accordingly, there is a presumption against finding waiver. *Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 577 (5th Cir. 1991). Even if there is a substantial invocation of the judicial process, a party must demonstrate prejudice before there may be a finding of a waiver to arbitrate. *Nicholas v. KBR, Inc.*, 565 F.3d 904, 910 (5th Cir. 2009).

Plaintiff has argued that Giles has invoked the judicial process and should be precluded from seeking arbitration. However, even if the judicial process has been invoked, prejudice must be shown. In Plaintiff's opposition, no prejudice has been demonstrated.

In *Subway Equipment Leasing Corp. v. Forte*, 169 F.3d 324, 326 (5th Cir. 1999), the court held that "a party invokes the judicial process to the extent it litigates a specific claim it subsequently seeks to arbitrate." *Id.* at 328. It cannot be said that Giles has truly litigated any specific discrimination claim it seeks to arbitrate.

Contrary to Plaintiff's representations in the opposition, Giles has not filed any dispositive motions. Rather, its employees, Patrick Miller and Gordon Breaux, filed a motion for dismissal on November 26, 2012, which was granted on April 25, 2013. (Docs. 6, 24) Giles did not file any such motions. All Giles has done in this case is respond to Plaintiff's discovery

requests[1] and forward its own discovery requests to Plaintiff. These discovery requests were forwarded on May 30, 2013, and Plaintiff has yet to respond. No depositions have taken place. This can hardly be construed as substantially invoking the judicial process, let alone prejudicing Plaintiff. All discovery conducted is equally applicable to an arbitration proceeding.

In *Walker*, the Fifth Circuit found no waiver by the defendant although it had served interrogatories and requests for production of documents, answered the plaintiff's complaint, and attended a pretrial conference before invoking the arbitration clause. The defendant sought to compel arbitration almost two years after the events giving rise to the conflict and thirteen months after the inception of suit. *Id.* at 576. The court determined that the defendant's actions were not substantial enough to overcome the presumption in favor of arbitration. In contrast, in *Republic Insurance Co. v. Paico Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004), the Fifth Circuit found that a party had waived its right to arbitration by conducting full-fledged discovery during the litigation, filing pretrial materials, filing motions to compel discovery, in limine, and for summary judgment, and invoking the arbitration clause only days before the trial was originally scheduled to begin. Pursuant to this authority, no waiver has occurred.

With respect to Plaintiff's claim that the arbitration provision itself contains a time deadline which has lapsed, this argument is without merit. The language cited by Plaintiff references a "demand for arbitration" pursuant to the Agreement. The "demand for arbitration" referenced in the sentence quoted by Plaintiff refers to the prior sentence in Section 22 – "notice of the demand for arbitration shall be filed in writing with the other party to this Agreement and

---

[1] It was in undersigned's gathering of the documents to respond to the discovery requests that it obtained the Agreement. It responded to the discovery on July 24, 2013 and contemporaneously made a request for arbitration.

with the American Arbitration Association." Clearly, this provision contemplates that the party asserting claims is to serve notice of the demand for arbitration in writing and file it with the American Arbitration Association. Plaintiff failed to make a demand for arbitration and instead filed a lawsuit. It was Plaintiff, as the party asserting claims, who was required to submit a demand for arbitration with AAA and within the time delays provided by law. Since Plaintiff did not do so, Giles seeks to compel this Court order Plaintiff to abide by the provisions of Section 22. Giles has asserted no claim against Plaintiff, and thus this provision is of no moment.

### IV. CONCLUSION

For the foregoing reasons, Giles respectfully requests that this Honorable Court order that the claims asserted by plaintiff are to proceed to arbitration, and this matter should be stayed.

Respectfully submitted,

JUNEAU DAVID, APLC

/s/ Robert J. David, Jr.
ROBERT J. DAVID, JR. (#21554)
rjd@juneaudavid.com
ALYSE S. RICHARD (#31936)
asr@juneaudavid.com
1018 Harding Street, Suite 202 (70503)
Post Office Drawer 51268
Lafayette, LA 70505-1268
Telephone: 337-269-0052
Facsimile: 337-269-0061

**COUNSEL FOR GILES AUTOMOTIVE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all known counsel of record who are participants.

/s/ Robert J. David, Jr.
ROBERT J. DAVID, JR.